IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TRACY LEE BRONSON                                                                                           PLAINTIFF

v.                                              Civil No. 6:19-CV-06096

JOSEPH P. GRAHAM,                                                                                        DEFENDANTS
JENNIFER TONSETH and A. MANN

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA).  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### I.  BACKGROUND

Plaintiff filed his Complaint on August 12, 2019.  (ECF No. 1).  On August 13, 2019, the Court entered an Order directing Plaintiff to file an Amended Complaint, which he did on September 3, 2019.  (ECF No. 9).  Plaintiff alleges his constitutional rights were violated during his incarceration in the Garland County Detention Center.  (*Id.*).  He is currently incarcerated in the Arkansas Department of Correction ("ADC"), Cummins Unit.

1

Plaintiff alleges that on December 26, 2017, he was assaulted by Inmate Peacock, who ran up behind him and punched him in the head, rendering Plaintiff unconscious on the floor. Plaintiff states he did not see him coming before the assault. (*Id*. at 4-5). Plaintiff asserts this assault should be characterized as a gang-related hate crime that was perpetrated against him due to an unidentified prior charge. Plaintiff did not allege that he had any reason to anticipate the assault prior to its occurrence. (*Id*. at 5). Plaintiff alleges that Defendants Tonseth and Mann refused to investigate the incident or allow Plaintiff to file charges even though he filed grievances. (*Id*. at 4). Plaintiff states that any person who is the victim of an assault should be permitted to file charges against his assailant "whether they are in jail or not." (*Id*. at 8). Plaintiff alleges he was later placed on anxiety medication and diagnosed with post-traumatic stress disorder due to the incident.[1]

Plaintiff alleges all Defendants employed excessive force against him without a warrant or probable cause when they searched his cell and confiscated his letters, writing materials, and his five pictures of his children without giving him a receipt. (*Id*. at 9-10, 11). Plaintiff alleges he was told that this was ordered by Defendant Graham, the prosecutor.[2] (*Id*. at 10). Plaintiff alleges they threatened him, so he gave them his pictures because he feared for his safety. (*Id*. at 10). Plaintiff does not describe the threats or indicate that any physical force was utilized. Plaintiff asks the Court to uphold the law by finding Defendants "guilty of not following proper procedure," and by ordering Defendants to return his property, particularly the pictures of his children. (*Id*.).

---

[1] Plaintiff does not allege a failure to protect claim concerning the assault, and none can be inferred from his allegations.

[2] At the beginning of the Complaint, Plaintiff identifies Defendant Graham as both prosecutor and District Judge. He alleges that he was committed to the ADC after a jury trial in Garland County on November 24, 2018. Research in Court Connect indicates Plaintiff was sentenced after jury trial on October 24, 2018, in *State v. Tracy Lee Bronson*, Case No. 26CR-17-23 (Garland Circuit Court). Joseph Graham was the prosecuting attorney in the case.

Plaintiff proceeds against all Defendants in both their official and personal capacities. (*Id*. at 4, 8). He seeks compensatory and punitive damages. (*Id*. at 10, 12).

Plaintiff filed a Supplement on November 27, 2019. (ECF No. 10). In his Supplement he indicates the Clerk failed to scan the back pages of some of his grievances and attaches them for review. (*Id*.).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

### A. Official Capacity Claims

Plaintiff fails to allege any plausible official capacity claims. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed

3

the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d at 914. Here, Plaintiff fails to identify any policy or custom of Garland County which violated his constitutional rights. He therefore fails to allege any plausible official capacity claims against Garland County.

**B. Failure to Investigate Grievance**

"Inmates do not have a constitutionally protected right to a grievance procedure. Because a … grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the grievance procedure is not actionable under § 1983." *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration"). Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Accordingly, Plaintiff fails to state a claim against Defendants Tonseth and Mann for failing to investigate his grievances concerning the incident with Inmate Peacock.

### C. Ability to File Criminal Charges

Plaintiff also fails to state any plausible claim based on his allegation that he was not permitted to file criminal charges against Inmate Peacock. A private citizen, whether free-world or incarcerated, has no right to institute criminal prosecution. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986).

### D. Lack of Probable Cause, a Search Warrant, and Failure to Follow "Proper Procedure" for Inmate Cell Search

A prisoner has no reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches. *Hudson v. Palmer*, 468 U.S. 517 (1984). "[E]ven the most zealous advocate of prisoners' rights would not suggest that a warrant is required to conduct such a search." *Olson v. Klecker*, 642 F.2d 1115, 1117 (8th Cir. 1981). Thus, Plaintiff's allegation that his cell was searched without probable cause and a search warrant is frivolous.

Further, "a violation of prison policy alone does not give rise to section 1983 liability." *Moore v. Rowley*, 126 F. App'x 759, 760 (8th Cir. 2005) (citing *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997)). Plaintiff's allegation that the search of his cell was conducted in violation of an unnamed policy therefore fails to state a plausible claim.

### E. Verbal Threats

Plaintiff's allegation the Defendants threatened him to make him hand over photographs fails to state a plausible claim. Clearly, "[v]erbal threats do not constitute a constitutional violation." *Martin*, 780 F.2d at 1339. Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats

and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-39 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (use of racially offensive language in dealing with a prisoner does not, by itself, state a claim).

### F. Loss of Personal Property

Plaintiff fails to state a cognizable claim under § 1983 for his alleged personal property loss from the cell search. Even if the deprivation of his property was intentional, Plaintiff has adequate post-deprivation remedies. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right). Accordingly, because Plaintiff could seek redress in Arkansas state courts for his claim of lost property, he has no claim pursuant to § 1983.

### IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). It is, therefore, recommended that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 3rd day of December 2019.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE