IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TRACY LEE BRONSON                                                            PLAINTIFF

V.                           CIVIL NO. 6:19-cv-06096

JOSEPH P. GRAHAM,
JENNIFER TONSETH and
A. MANN                                                                      DEFENDANTS

**ORDER**

The Court has received a Report and Recommendation (ECF No. 11) from United States Magistrate Judge Mark E. Ford. Plaintiff proceeds in this 42 U.S.C. §1983 action *pro se* and in *forma pauperis*. Upon review, the Magistrate recommended that Plaintiff's complaint be dismissed without prejudice. Plaintiff has filed two separate timely, written Objections (ECF Nos. 12, 13) to the Report and Recommendation. The matter is now ripe for consideration.

Plaintiff filed separate objections to clarify the two distinct and separate incidents that form the basis of his complaint. In the first objection (ECF No. 12), Plaintiff states that on December 26, 2017, while he was detained in the Garland County Detention Center (GCDC), another detainee named Peacock ran up behind him and punched him in the head, knocking Plaintiff to the floor unconscious. According to GCDC policy, Peacock should have been be restricted to his cell, and it was a violation of GCDC policy for Peacock to be let out of his cell while Plaintiff was in the sub-day room. The same day as the assault, Plaintiff wrote an inmate request to separate defendant Jennifer Tonseth, and asked her to investigate the assault

1

and file charges against Peacock. According to Plaintiff he gave the written inmate request to Corporal Sowell who assured Plaintiff that he "personally would get the request to where it needed to go," (Obj. Incident 1, ECF No. 12, Dec. 20, 2019 at 2.) Plaintiff complains that although the GCDC Inmate Handbook provides that an inmate request is to be responded to within forty-eight (48) hours, excluding weekends and holidays, Plaintiff never received a response or answer and the written inmate request was never returned. On January 30, 2018, Plaintiff wrote out a grievance about the assault and gave it to Sergeant Carter. Deputy Crow responded to the grievance on February 7, 2018. The grievance was logged but not processed because Plaintiff failed to fill out the grievance form completely. Specifically, Plaintiff failed to answer the question asking whether he had attempted an informal resolution to resolve the problem. When the grievance response was returned, Plaintiff showed it to Sergeant Carter who advised him that the assault would probably not be investigated even if the grievance form was filled in completely. Plaintiff did not file any more requests or grievances about the assault incident. A disciplinary investigation of the assault was performed by Corporal Retford at which time Detainee Peacock admitted being a gang member, and he assaulted Plaintiff at the direction of higher up gang members.

Since the incident with Peacock, Plaintiff has been diagnosed with post-traumatic stress disorder and prescribed anxiety medication. Plaintiff alleges his constitutional rights were violated when separate defendant Jennifer Tonseth refused and neglected to respond to Plaintiff's inmate request as required by GCDC

2

policy; GCDC officials violated his rights by failing to protect him in the restricted housing unit; GCDC officials failed to treat Plaintiff with fairness and violated his right to due process.

Upon review, the Court finds that the Magistrate properly considered all issues raised in Plaintiff's First Objection except the "failure to protect" claim. A failure to protect claim falls under the purview of the Eighth Amendment. A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to inmate health or safety only if he knows the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Plaintiff's amended complaint does not specifically mention an Eighth Amendment claim (ECF No. 9). In addition, neither the Amended Complaint nor Plaintiff's First Objection allege facts showing that defendants knew Plaintiff faced a substantial risk of serious harm from Detainee Peacock and disregarded it. Accordingly, this Court finds that Plaintiff has failed to allege any plausible Eighth Amendment violation.

In the Second Objection (ECF No 13), Plaintiff states that without being given any reason or explanation his cell was searched on August 13, 2018 and five (5) letters, including two marked "legal mail," were confiscated. Plaintiff was not given a receipt for the seized property. When Plaintiff's cell was searched a second time the following day on August 14, 2018, five photographs of Plaintiff's family and children were taken, and Plaintiff was not given a receipt for the photographic

3

property.

Plaintiff filed Inmate Grievances for the seizures of the letters and the photographs. On August 15, 2018, Plaintiff's criminal case came on for hearing before the Honorable Marcia Hearnsberger, Garland County Circuit Judge. While in the judge's chambers, Plaintiff raised the issue of his seized property. At this time, separate defendant Garland County Prosecutor Joseph P. Graham told Judge Hearnsberger that he "did contact Jennifer Tonseth of C.I.D. about the incident but his orders were not to seize the Plaintiff's property but to only copy and return the property to the Plaintiff." (Obj. Incident 2, ECF No. 13, Dec. 20, 2019.) On August 22, 2018, separate defendant A. Mann determined Plaintiff's grievances were partially valid, finding that Plaintiff's mail and five pictures "had been removed from Plaintiff's cell at the request of Criminal Investigation Division (C.I.D.) without any receipt provided." (Am. Compl., ECF No. 9 at 19.) Defendant Mann also reported that upon his inquiry CID advised him that Plaintiff's property had been seized and the items would be considered evidence until after the adjudication of the criminal case. Defendant Mann concludes, "This response should enclose the appropriate amount of information to account for those items and, in return, be observed as a receipt." (Id.) The response/receipt was delivered to Plaintiff on September 7, 2018.

Before the start of his jury trial on October 22, 2018, while in Judge Hearnsberger's chambers, Plaintiff made a motion to suppress evidence and return seized property. Judge Hearnsberger "refused to have a hearing on the motion but the Prosecutor Joseph P. Graham stated that he was not going to use any of the

4

Plaintiff's seized property as evidence." (ECF 13 at 4.) While under oath at Plaintiff's jury trial, Separate defendant Tonseth admitted Plaintiff's property had been seized for evidence and that she had the pictures and property.

Plaintiff contends that Defendants violated his Fourth Amendment rights and seized the property without probable cause. Plaintiff also asserts that separate Defendant Tonseth violated Rule 15.4 of the Arkansas Rules of Criminal Procedure by not reporting in writing "the fact and circumstances of the seizure, with a list of things to the court before which the defendant will be brought in for first appearance." Plaintiff objects to the Report and Recommendation because it only addresses the **search** of Plaintiff's cell. Plaintiff points out that the report fails to consider the issue of whether Plaintiff's Fourth Amendment right to be free from unreasonable seizure was violated, because Defendants lacked probable cause to confiscate his property, and because Tonseth did not report in writing the facts and circumstances of the seizure pursuant to ARCP Rule 15.4.

"The first clause of the Fourth Amendment provides that the 'right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures shall not be violated…'" *U.S. v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984). A seizure of property occurs "when there is some meaningful interference with an individual's possessory interests in that property." *Id.* While the Defendants' assertion of control over Plaintiff's letters and photos may have constituted a "seizure," the seizure was not unreasonable. The Supreme Court has ruled that prisoners have no legitimate

expectations of privacy, and the Fourth Amendment proscription against unreasonable search and seizure is inapplicable in a prison cell. *Hudson v. Palmer*, 468 U.S. 517, 527, 104 S.Ct. 3194, 3201, 82 L.Ed.2d 393 (1984). For this reason, it was not necessary to establish probable cause prior to the seizure. While the failure to provide a written receipt for the property may have been unreasonable, that defect was cured when Defendant Mann delivered the response/receipt on September 7, 2018. Accordingly, Plaintiff has failed to state a claim for unreasonable seizure under the Fourth Amendment.

Having conducted a de novo review of the portions of the report and recommendation to which Plaintiff has objected, 28 U.S.C. 636(b)(1), this Court finds Plaintiff's Objections offer neither law nor fact requiring departure from the Magistrate's findings. Accordingly, the report and recommendation (ECF No. 11) is proper, contains no clear error, and should be and hereby is ADOPTED IN ITS ENTIRETY.

IT IS THEREFORE ORDERED that Plaintiff's Amended Complaint should be and hereby is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§1915(e)(2)(B)(i-iii) and 1915A(a). The Clerk is directed to place a §1915(g) strike flag on the case.

SO ORDERED this 15th day of January 2020.

*/s/Robert T. Dawson*
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE